Peck, J.
delivered the opinion of himself and Judge Brown.
All the cases in England concur in this, that if a bond lay dormant for the space of twenty years or more, without payment of any interest, or any demand having been made, or any circumstance to account for the acquiescence, this will be evidence of itself for a jury to presume that the bond has been satisfied.
The plaintiff must show in evidence the reason why the bond has been so held up, or the defendant, from mere length of time, on the plea of payment, will be entitled to a verdict.
It is said in 1 Burrow, 434, per Lord Mansfield, that there was no direct and express limitation of time when a bond should be supposed to have been satisfied ; the general time, indeed, was commonly taken to be about twenty years, but he had known Lord Raymond leave it to the jury upon eighteen years.
It is agreed in the courts of England that a less time than twenty years will do to raise the presumption, if some evidence be given to induce a supposition of payment. .Such as the settlement of accounts in the intermediate time, without any notice being taken of the bond. The books say the slightest evidence will be sufficient to raise the presumption.
Before we proceed to the examination of the evidence offered in this case on which to predicate the presumption, it may not be amiss to suggest some thoughts on the subject of length of time as applicable to our country; perhaps strong reasons might be urged why the length of time that governs in England should not be considered as the rule with us. Ever since permitted to think for ourselves as an independent people, our policy has been to abridge the time within which demands generally should be made, or the party barred. Our Statute of Limitations in a great number of actions extend only to three years, while in England most of the same species of action extend to the term of six years; even in real estate the action of ejectment for lands, unless under particular exceptions, is confined to seven years; a disposition in the people of this country to emigrate to parts remote, by which evidence may be lost, all our property, being liable to the writ of fieri facias, are strong arguments to show that in applying a rule so salutary in other countries, and which forms a parallel to the limitations in that country, should in this be shortened in some proportion to meet a different mode of thinking; and we are the more inclined to this, because, whatever change has taken place in England incline to a shorter period of time. Again, the same instrument of writing without a scrawl is supposed not to benefit the holder when the limitation of three years has run, while, if a scrawl be added, it would last for twenty years before even a presumption of satisfaction could be urged. It may be granted that the presumption *50 here spoken of cannot be otherwise assimilated to a Statute of Limitation than as tending to peace and the prevention of those wrongs which art might contrive and hold long in abeyance until time or accident had swept away evidence.
These considerations strongly incline a majority of the Court present to the belief that it might safely be left to a jury to say, on the naked fact of time alone, whether or no they would not presume the debt paid where the bond had been suffered to lie dormant for sixteen years, and whether a much shorter period would not be sufficient to raise the presumption where facts, such as named in the books “ of settlement in the intermediate time,” and the like, were proved by the defendant.
The Court below determined on the admission of testimony that, though work and labor had been done for the plaintiff by the defendant, that it was not admissible evidence unless it also be proved that it was agreed by the parties to go as payment, or given notice of, or pleaded as set off. In this we are clear there is error. This certainly was such a circumstance as should have*been permitted to go to the jury under the issues, for slight circumstances have been left to the jury on the issues of payment on the day, and payment after the day, where sixteen years have elapsed.
Strictness of proof or its applicability to the issue is not required in such a case, because of the time elapsed.
The evidence of work and labor ought to have been admitted as a circumstance ; and what it might have weighed with the jury, when connected with the evidence of a settlement as proved by Helms, the witness, is not for this Court to say.
The latter part of the charge of the Court to the jury is at war with the first part; the question should have been left to the jury on the presumption alone, without considering the question of actual payment, to which the minds of the jurors are last directed in the charge, and was well calculated to mislead.
Indeed, it is pretty evident from the whole case that the question of presumption was lost sight of, because there was an attempt to show payment by the defendant, and the negative of it by the plaintiff, in the evidence offered. This brings us to the question how far the plaintiff has proved the admission of the debt. The witness, Blackburn, son of the plaintiff, relates to a transaction which took place posterior to the bringing of this suit; and just before the trial Squib proposed, if Blackburn would dismiss his suit, he would pay part and secure the balance of the debt; Blackburn would not dismiss his suit unless Squib would also settle an account Blackburn held against him ; Squib answers that he had an account, and if Blackburn would settle he would do so (would settle is the obvious import). Blackburn does not settle; he does not dismiss his suit; Squib does nothing under the proposition, and the suit progresses.
*51 This evidence, though objected to, the Court permitted to go to the jury “ to rebut the presumption arising from length of time.”
Waiving, for the present, an opinion on the question whether or not this evidence should have been received, because made in a treaty about the suit; it is very questionable if the language of the judge was not too strong, amounting to an opinion on the fact.
If admissible at all, it should have been left to the jury to say if sufficient to rebut the presumption.
Somewhat analogous to this point is the case of Turner v. Crisp, Strange, 827, where Lord Raymond refused to let the indorsement of a receipt on the bond go to the jury after the presumption had taken place; see also Clark v. Hopkins, 7 Johns. Rep. 556.
This question, and the question made on the motion to add other pleas, are not very material to be considered.
We are, for the reasons given, of opinion that the cause be reversed and remanded for a new trial.